12-4910-cr
United States v. John Cartagena

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand thirteen.

Present:
> JON O. NEWMAN,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 12-4910-cr

ALEXIS VLADIMIR MORILLO-VIDAL,
AKA VLADIMIR MORILLO, CESAR TUEROS,

> *Defendants*,

JOHN CARTAGENA,

> *Defendant–Appellant*.

---

FOR APPELLANT:          Scott B. Tulman, (Susan G. Papano *on the brief*) Law Offices of
                        Scott B. Tulman & Associates, PLLC, New York, NY.

FOR APPELLEE:           Ryan P. Poscablo, Assistant United States Attorney (Justin
                        Anderson, Assistant United States Attorney, *on the brief*), *for* Preet

Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant–Appellant John Cartagena appeals from a judgment of conviction following a trial by jury in which Cartagena was found guilty of one count of conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846, and one count of attempted distribution of at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).  The district court sentenced him to concurrent terms of imprisonment of 120 months to be followed by five years of supervised release.  On appeal Cartagena challenges the admission of testimony by John Seyfried recounting Cartagena's involvement in an uncharged 2009 drug conspiracy.  In addition, he argues the evidence was insufficient to prove he knew the objective of the charged conspiracy and was also insufficient to establish that he knowingly and intentionally possessed cocaine.  We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"We review evidentiary rulings for abuse of discretion." *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009).  Our review of 404(b) evidence encompasses "an inclusionary approach and allows evidence for any purpose other than to show a defendant's criminal propensity." *United States v. Lombardozzi*, 491 F.3d 61, 78 (2d Cir. 2007) (internal quotation marks omitted).  Prior to trial, Cartagena moved to preclude the government from introducing evidence of his role in the transportation of money to Los Angeles in October of 2009.  He

argued that such evidence was inadmissible under Fed. R. Evid. 404(b). The government

countered that the information provided relevant background information and explained the

"relationship of trust" between Cartagena and his co-consipirator, thus rebutting Cartagena's

purported lack of knowledge as to the charged drug conspiracy. The district court ruled that the

evidence was admissible as background evidence and offered a limiting instruction, which the

defense declined.

Reviewing the admitted evidence, we hold that the testimony recounting Cartagena's

involvement in transporting money to Los Angeles in October of 2009 was admissible as

relevant background information.[1] "[E]vidence of uncharged criminal activity is not considered

other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series

of transactions as the charged offense, if it is inextricably intertwined with the evidence

regarding the charged offense, or if it is necessary to complete the story of the crime on trial."

*United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (internal quotation marks and citations

omitted). The testimony here explained Cartagena's relationship to his co-conspirator Seyfried

and his knowledge of Seyfried's role in a national drug conspiracy. It established that Cartagena

had traveled to Los Angeles with Seyfried to deliver proceeds from a drug transaction, and that

Cartagena's involvement was voluntary and willful. We have deemed similar evidence highly

probative when the charged conduct covers a conspiracy. *See Mercado*, 573 F.3d at 141.

The challenged evidence, moreover, is admissible under Fed. R. Evid. 404(b) and

*Huddleston v. United States*. 485 U.S. 681, 691–92 (1988); *see also United States v. Scott*, 677

---

[1] Cartagena also objects to testimony that Seyfried himself, without any involvement of Cartagena, drove another cargo of cocaine to New York. Since the testimony described a prior bad act of Seyfried, not Cartagena, the Rule 404(b) objection is meritless. Moreover, the evidence was relevant insofar as it bore negatively on Seyfried's credibility, with little potential for prejudice as it was clear that Cartagena was not involved in that act. To the extent Cartagena argues that the evidence was linked to the testimony about the money delivery trip, the linkage does not reduce the probative value of either piece of evidence, and the testimony about the road trip in which Cartagena played no role in no way increases any prejudice from the testimony of the money delivery in which he did play a role.

3

F.3d 72, 79 (2d Cir. 2012) ("[T]o determine whether a district court properly admitted other act evidence, the reviewing court considers whether (1) it was offered for a proper purpose; (2) it was relevant to a material issue in dispute; (3) its probative value is substantially outweighed by its prejudicial effect; and (4) the trial court gave an appropriate limiting instruction to the jury if so requested by the defendant." (internal quotation marks omitted)).  Here, there was a proper purpose for admitting the testimony.  The evidence was relevant proof of Cartagena's specific knowledge of the drug activities of Seyfried and proof of his relationship to him.  The value of this evidence was not substantially outweighed by any prejudice, as the government delineated the bounds of Cartagena's involvement in the drug transportation in October of 2009 while establishing the nature of his relationship to his co-conspirator.  "Moreover, we find no undue prejudice under Rule 403; the evidence did not involve conduct more serious than the charged crime . . . ."  *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000).  Finally, while the court offered to give a limiting instruction, the defense declined the offer.  *See Scott*, 677 F.3d at 79 ("No limiting instruction was requested here, and so we limit our analysis to the first three factors.").  There was no error in admitting the challenged evidence.

Cartagena also challenges the sufficiency of the evidence establishing his knowledge of the intenteded objective of the conspiracy.  "We review *de novo* challenges to the sufficiency of the evidence underlying a criminal conviction, but a defendant bears a heavy burden, because we review evidence on a sufficiency challenge in the light most favorable to the government and draw all inferences in favor of the government."  *United States v. Lee*, 723 F.3d 134, 143 (2d Cir. 2013) (internal quotation marks, citations, and alterations omitted).  "[W]e will uphold the judgments of conviction if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), *cert. denied*, 12-1299, 2013 WL

4

1828055 (U.S. Oct. 7, 2013); *see also United States v. Glenn*, 312 F.3d 58, 64 (2d Cir. 2002) ("[I]t is well-settled that when reviewing the sufficiency of the evidence we defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony." (internal quotation marks and citation omitted)). Our *de novo* review of the record confirms the evidence presented was sufficient to prove that Cartagena was aware of the conspiracy's objective. Apart from Seyfried's testimony—the reliability of which is the provence of the jury, *see United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011)—testimony of law enforcement officials placed Cartagena in the vehicle with the drugs, recounted Cartagena's admission of involvement in the October 2009 money transaction, and included Cartagena's exculpatory false statements that tended to corroborate his involvement with Seyfried.

We have considered Cartagena's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 10, 2012 judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5